# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR THOMAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>AUDREY GILL,<br><br>　　　　Respondent. | Case No.  1:13-cv-00159 GSA HC<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT<br>[ECF No. 32]<br><br>ORDER DENYING PETITIONER'S REQUEST FOR JUDICIAL NOTICE<br>[ECF No. 33]<br><br>ORDER DENYING MOTION TO AMEND OR MAKE ADDITIONAL FINDINGS<br>[ECF No. 34] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The parties have voluntarily consented to the exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) for all purposes, including entry of final judgment.

On April 14, 2014, the undersigned issued an order denying the petition and entering judgment for Respondent.  On May 14, 2014,[1] Petitioner filed a motion to alter or amend the judgment pursuant to Fed. Rules of Civ. Proc. § 59(e), as well as a request for judicial notice.

---

[1] Pursuant to Rule 3(d) of the Rules Governing Section 2254 Cases and the mailbox rule, the Court deems the pleading filed on the date it was signed and presumably handed to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  Although the motion was filed in this Court on May 16, 2014, it contains a declaration and certificate of service dated May 14, 2014.  Therefore, the motion is deemed filed on May 14, 2014.

1

On May 14, 2014,[2] he filed a motion to amend pursuant to Fed. Rules of Civ. Proc. § 52(b).

Petitioner's motions are untimely and must be dismissed. Fed. Rules of Civ. Proc. § 59(e) provides that the motion must be filed "no later than 28 days after the entry of the judgment." Likewise, a motion under Rule 52(b) to amend the findings and the judgment is due "no later than 28 days after the entry of judgment." In this case, judgment was entered on April 14, 2014. Therefore, the motion was due on or before May 12, 2014. Since the motions were not filed until May 14, 2014, they are untimely.

In addition, the motions are without merit. Rule 59(e) does not contain specific grounds for the motion. Therefore, "the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

Rule 52(b) provides that on a party's motion, a Court may amend its findings or make additional findings. The purpose of post-judgment motions under Rule 52(b) is to give the district court an opportunity to correct manifest errors of law or fact at trial. Davis v. Mathews, 450 F.Supp. 308, 318 (E.D. Ca. 1978). "This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir.1986). "[T]he Rule is not intended to serve as a vehicle for a rehearing." Mathews, 450 F. Supp. at 318.

Petitioner contends that the Court must grant the motions to correct manifest errors of law

---

[2] Although the motion was filed in this Court on May 19, 2014, the certificate of service is dated May 14, 2014. Therefore, the Court deems the motion filed on May 14, 2014.

and fact. His arguments are unavailing. As discussed in the Court's order denying the petition, his federal sentence commenced on May 13, 2009, when he was paroled from his state sentence and turned over to federal authorities to commence serving his sentence. See 18 U.S.C. § 3585. In addition, the Bureau of Prisons was well within its discretion to deny his request for a *nunc pro tunc* designation. Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002).

Finally, Petitioner was only borrowed from the state's custody pursuant to the two writs of habeas corpus ad prosequendum. The writs did not operate to divest the state of jurisdiction insofar as a federal writ of habeas corpus ad prosequendum only serves to "borrow" the defendant from the state. Thomas v. Brewer, 923 F.2d 1361, 1365-67 (9th Cir. 1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody); Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998) ("[B]ecause [petitioner] appeared pursuant to a valid writ of habeas corpus ad prosequendum, he was still in state custody when he was delivered to the federal court for the ... hearing and for the ... sentencing."); Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. . . . [Citation.] A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. [Citation.] The state court has not lost its right to prosecute, convict, and sentence the defendant."); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.")

Furthermore, Petitioner's federal sentence cannot be credited for any time from his arrest on May 1, 2001, until his parole to the federal detainer on May 13, 2009, because that time period was credited against his state sentence. Crediting Petitioner's federal sentence with that time would be granting him double credit, which is not permissible under 18 U.S.C. § 3585(b). United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in Section 3585(b)]

that a defendant could not receive a double credit for his detention time.").

Therefore, Petitioner presents no grounds to alter or amend the findings or judgment.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion to amend the judgment under Fed. R. Civ. Proc. § 59(e) is DENIED;

2) Petitioner's request for judicial notice is DENIED; and

3) Petitioner's motion to amend or make additional findings pursuant to Fed. R. Civ. Proc. § 52(b) is DENIED.

IT IS SO ORDERED.

Dated:   **August 6, 2014**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE

4